# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **DARRELL BUCKLEY, et al.,** | : | Case No. 3:24-CV-107 |
| | : | |
| Plaintiffs, | : | Hon. Michael J. Newman |
| | : | Mag. Judge Peter B. Silvain, Jr. |
| v. | : | |
| | : | **ANSWER OF DEFENDANT,** |
| **ROBERT ANDERSON, et al.,** | : | **AMERICAN SELECT** |
| | : | **INSURANCE COMPANY,** |
| Defendants. | : | **IMPROPERLY NAMED** |
| | : | **WESTFIELD INSURANCE** |
| | : | **COMPANY** |
| | : | |
| | : | **AND** |
| | : | |
| | : | **CROSSCLAIM AGAINST** |
| | : | **DEFENDANT/CROSSCLAIM** |
| | : | **DEFENDANT,** |
| | : | **ROBERT ANDERSON** |

The Defendant, American Select Insurance Company ("American Select"), improperly named Westfield Insurance Company, by and through counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

## FIRST DEFENSE

1. The Complaint of the Plaintiffs fail to state a cause of action against this Defendant upon which relief might be granted, and this action should, therefore, be dismissed and held for naught.

## SECOND DEFENSE

2. The Complaint is barred or reduced by the Plaintiffs' own independent acts of negligence, contributory negligence, assumption of the risk and/or apportionment as between the parties or as may be attributed to non-parties.



**THIRD DEFENSE**

3. The negligence of the Plaintiff, Darrell Buckley imputed to Michelle Buckley, Boe Buckley, Brooklyn Buckley, Brindle Buckley, Bronson Buckley, Bentleigh Buckley, and Benson Buckley, thereby barring their recovery for loss of consortium, and their Complaint should be dismissed and held for naught.

**FOURTH DEFENSE**

4. If the Plaintiffs were injured or damaged, as alleged in their Complaint, then said injuries and damages, if any, were caused or brought about by a person or persons other than this Defendant, and that such negligence of such other person or persons was primary and active, and therefore, the Plaintiffs should be barred from recovering from this Defendant.

**FIFTH DEFENSE**

5. Plaintiffs have failed to mitigate and/or minimize their alleged damages.

**SIXTH DEFENSE**

6. Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, unclean hands and/or waiver.

**SEVENTH DEFENSE**

7. Plaintiffs' claims are barred by the doctrines of payment, settlement, and/or release.

**EIGHTH DEFENSE**

8. American Select is entitled to set-off the amounts of all applicable liability bonds or policies covering the tortfeasors, or covering any other persons or entities liable for the accident, against any liability for uninsured/underinsured motorist coverage that this Defendant may have.

**NINTH DEFENSE**

9. Plaintiffs' alleged claims against this Defendant may be barred by any settlement entered into by Plaintiffs which did not protect, or in any way harmed, the potential subrogation rights of this Defendant.

**TENTH DEFENSE**

10. Plaintiffs may have failed to comply with the terms and conditions of applicable insurance contracts, including any insurance contract issued by this Defendant, thereby barring the claims of the Plaintiffs.

**ELEVENTH DEFENSE**

11. The claim of Plaintiffs may be barred by the failure of Plaintiffs to comply with the condition in the insurance contract issued by this Defendant requiring prompt notice and/or proof of any accident or loss.

**TWELFTH DEFENSE**

12. The claim of Plaintiffs are barred by any failure of the Plaintiffs to exhaust the limits of any applicable liability bonds, policies, or other insurance coverage by judgments or payments, as required by the terms and conditions of the insurance contract issued by this Defendant.

**THIRTEENTH DEFENSE**

13. If this Defendant provides issued uninsured/underinsured motorist coverage to Plaintiffs for the accident, which is specifically denied, any uninsured/underinsured coverage is excess to any similar coverage which applies to Plaintiffs as primary coverage, and then only in the amount by which the coverage of this Defendant the primary coverage, and if coverage under more than one policy applies as excess, the total amount of liability shall not exceed the difference between the limit of liability of the coverage that applies as primary and the highest limit of liability of any one of the coverages that applies as excess and then only pro rata.

**FOURTEENTH DEFENSE**

14.     Defendant is entitled to a reduction in any medical bills as reduced by any health care provider pursuant to an agreement with Plaintiffs and/or a Third-Party.

**FIFTEENTH DEFENSE**

15.     This Defendant specifically denies each and every allegation contained in Paragraphs 4, 5, and 6 of Plaintiffs' Complaint.

16.     This Defendant states that it is without sufficient knowledge to either admit or deny the allegations contained in Paragraphs 1, 2, 12, 13, 14, 15, 16, 17, 18, and 19 of Plaintiffs' Complaint, and therefore, denies same.

17.     Defendant states that the allegations contained in Paragraphs 3, 8, and 23 of Plaintiffs' Complaint are not applicable to American Select at all and therefore, are denied as stated.

18.     With regard to the allegations in Paragraph 10 of the Plaintiffs' Complaint, American Select admits that medical payments coverage was included in the policy, it made payments on or for the benefit of its insured, Darrell Buckley, and it claims a right of subrogation against Defendant Anderson in this action.

19.     American Select admits that it had in effect an insurance contract, Policy No. WMP 020606C, on or about March 8, 2022, and the terms and conditions of the insurance policy speak for themselves. Furthermore, American Select admits there was underinsured motorists ("UIM") coverage available under the policy, but whether there is a valid UIM claim depends on the available liability coverage for the tortfeasor/Defendants, Robert Anderson and Tweedy Transport, Inc., as to be determined in this lawsuit. The remainder of the allegations in Paragraph 21 of the Complaint are denied to the extent that they are in any way inconsistent with the limited admission herein.

20.     This Defendant admits and denies Paragraphs 7, 9, 11, 20, and 22 of the Complaint consistent with its admissions and denials throughout its Answer.

**WHEREFORE**, the Defendant, American Select, having fully answered the Complaint of the Plaintiffs, prays as follows:

    A.      That the Plaintiffs' Complaint be dismissed with prejudice;

    B.      For the costs herein expended, including reasonable attorneys' fees;

    C.      For Trial by jury; and

    D.      For any and all other relief to which it may appear entitled.

### CROSSCLAIM AGAINST DEFENDANT/COUNTERCLAIM DEFENDANT, ROBERT ANDERSON

The Defendant/Crossclaimant, American Select, by and through counsel, and for its Cross-Claim against Defendant/Crossclaim Defendant, Robert Anderson, states as follows:

1.     American Select was sued by Plaintiffs for uninsured/underinsured motorist coverage as a result of the accident that is the subject of the within Complaint, which accident was caused by the negligence of the Defendant, Robert Anderson.

2.     As a direct and proximate result of the negligent conduct of the Crossclaim Defendant, American Select did pay Plaintiff, Darrell Buckley, medical payments benefits under American Select's contract of insurance in the amount of $9,349.60, which to this date, for the benefit of Plaintiff, Darrell Buckley.

3.     Since American Select was required to pay to under the contract of insurance, American Select is subrogated to Plaintiffs' rights against the Crossclaim Defendant and/or is entitled to reimbursement, contribution, and/or indemnification from the Crossclaim Defendant to the extent of any payments made. All such payments being for damages incurred as a direct and proximate result of the negligence of the Crossclaim Defendant.

**WHEREFORE**, having fully answered, Defendant/Crossclaimant, American Select, demands that it recover from Defendant, Robert Anderson, any monies paid or required to be paid to Plaintiffs, with pre- and post-judgment interest, together with the cost of this suit.

Respectfully submitted,

*/s/ Timothy B. Spille*
Timothy B. Spille (0079555)
REMINGER CO., L.P.A.
525 Vine Street, Suite 1500
Cincinnati, OH  45202
Phone: (513) 721-1311
Direct: (513) 455-4052
Fax:    (513) 721-2553
Email:  tspille@reminger.com
**Attorney for Defendant/Crossclaimant,
American Select Insurance Co.,
improperly named
Westfield Insurance Co.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 22nd day of April, 2024, via electronic service by Clerk of the Court by using the CM/ECF system, upon the following:

William Allen
3735 S. Dixie Highway
Middletown, OH 45005
Email: wallen@casperlaw.com
**Attorney for Plaintiffs**

Daniel L. Bray
Gallagher Sharp, LLP
1215 Superior Avenue, 7th Floor
Cleveland, Ohio 44114
Email: dbray@gallaghersharp.com
**Attorney for Defendants,
Robert Anderson and
Tweedy Transport, Inc.**

Medical Mutual of Ohio
9050 Centre Pointe Drive, Ste. 225
West Chester, OH 45069
**Defendant**

*/s/ Timothy B. Spille*
Timothy B. Spille (0079555)

- 7 -